**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jack R. PREWITT and Joseph V. Smillie,
Defendants–Appellants.**

Nos. 93–3153, 93–3796.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1994.

Decided Aug. 29, 1994.

Christina McKee, Asst. U.S. Atty. (argued), Indianapolis, IN, for the U.S.

Lesa L. Johnson, Indianapolis, IN (argued), for Jack R. Prewitt.

Kevin McShane (argued), McShane & Gordon, Indianapolis, IN, for Joseph V. Smillie.

Before MANION and KANNE, Circuit Judges, and SHABAZ, District Judge.*

SHABAZ, District Judge.

## PROCEDURAL HISTORY

On October 28, 1992 defendants Joseph V. Smillie, Jack R. Prewitt and Donald F. Leuck were indicted by a federal grand jury in the United States District Court for the Southern District of Indiana on five counts of mail fraud as either principals or aiders and abettors pursuant to 18 U.S.C. §§ 1342 and 2. The case was assigned to the Honorable Sarah Evans Barker, United States District Judge.

The motion of defendant Jack R. Prewitt to dismiss the indictment against him was denied by the district court on March 16, 1993. The motion of defendant Joseph V. Smillie to sever his trial was denied on January 21, 1993, renewed on March 19, 1993, and once again denied on March 22, 1993.

Trial commenced March 22, 1993, and the jury returned a verdict of guilty on all counts on March 26, 1993. On August 11, 1993 Prewitt filed a motion to vacate convictions and/or motion to dismiss indictment which was denied by the district court on August 26, 1993. Defendants Smillie and Prewitt appeal their convictions.

* The Honorable John C. Shabaz, of the Western District of Wisconsin, is sitting by designation.

## FACTS

Defendant Jack R. Prewitt was indicted on June 6, 1988 in the United States District Court for the Northern District of Indiana on charges of mail fraud and filing a false tax return in Case No. S CR 88–37. On March 8, 1990, he was indicted in said district on mail fraud charges in Case No. S CR 90–11. On May 2, 1990 he pled guilty to two counts of mail fraud and one count of filing a false tax return pursuant to a plea agreement which contained the following language:

> The United States Attorney's Office for the Northern District of Indiana agrees that no further charges will be brought against me in the Northern District of Indiana arising out of my dealings in Mid–Continent, the Riley Agency or Chubb Insurance Group or any other affiliated companies.

On September 11, 1990 Thomas O. Plouff, Assistant United States Attorney for the Northern District of Indiana, advised defendant's attorney Patrick A. Tuite that the United States Attorney's Office for the Southern District of Indiana was investigating alleged criminal conduct by defendant Prewitt that victimized individuals in both the Northern and Southern Districts of Indiana. Plouff stated that his office would abide by the plea agreement and not prosecute defendant Prewitt in the Northern District of Indiana for any of this activity. Postal Inspector Thomas Burnham was employed in Indianapolis, Indiana, and investigated defendant Prewitt's activities in both the Northern and Southern Districts of Indiana.

On October 22, 1990 defendant Prewitt was convicted in the United States District Court for the Northern District of Indiana for two counts of mail fraud and one count of filing a false tax return pursuant to his aforesaid guilty plea. He was sentenced to concurrent prison terms of three years on the mail fraud counts and a sentence of three years probation on the tax count.

In 1987 defendant Jack V. Smillie founded Sterling American Financial Group, Inc. (Sterling), a corporation intended to oversee a group of businesses related to the insurance industry. Between December 1989 and April 1990 defendant Smillie, defendant Prewitt and Donald F. Leuck made a series of sales presentations to prospective investors in Sterling.

The Securities Division of the Indiana Secretary of State's Office began an investigation of Sterling in March 1990. The Division issued a cease and desist order against the defendants and Sterling on April 2, 1990. After receiving this order Sterling ceased doing business and commenced settlement and compromise efforts with the Securities Division. Defendant Smillie was interviewed by investigators from the Division on May 15, 1990 and July 2, 1990.

According to the October 28, 1992 indictment defendant Smillie withdrew approximately $281,000 of the $282,000 which Sterling had received from investors between December 1989 until May 1990. The majority of these funds were used for the personal benefit of defendants Smillie, Prewitt and Leuck.

At trial investors testified concerning their interactions with Sterling. Postal Inspector Burnham offered a number of financial records into evidence. Robert Lott, an Investigator for the Indiana Securities Division, testified concerning statements made to him by defendant Smillie on May 15, 1990 and July 2, 1990. At the first interview defendant Smillie stated that only operating expenses had been paid from the Sterling bank account. During the July 2, 1990 interview defendant Smillie acknowledged that a number of Sterling checks represented payments for his own use and benefit for a total of approximately $32,000.

Both defendants testified at trial. The district court admitted certified copies of the judgment and commitment orders of defendant Prewitt's prior mail fraud convictions with a limiting instruction that they should be considered only against defendant Prewitt and only on the question of his intent, plan, knowledge or absence of mistake or accident.

William Stalnaker, the President of Prime Financial Partners in Phoenix, Arizona, testified for the defense. He confirmed that he had discussions with Sterling about a business relationship designed to market 419

trusts. The district court did not allow Stalnaker to testify to that commission which would have been earned had binding contracts for the purchase of the trust been entered into. The court concluded such testimony would be too speculative.

## MEMORANDUM

■ Defendants Smillie and Prewitt and appeal their convictions challenging evidentiary decisions made by the district court. The district court's decisions admitting or excluding evidence will be reviewed for abuse of discretion giving the district court great deference. *United States v. Wilson*, 973 F.2d 577, 580 (7th Cir.1992).

■ Defendant Smillie principally contends that the district court abused its discretion in admitting his statements made during compromise negotiations with the Securities Division in violation of Rule 408, Federal Rules of Evidence. The district court admitted statements made on May 15 and July 2, 1990 by defendant Smillie to investigators for said division.

Rule 408 provides in pertinent part as follows:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

■ The clear reading of this rule suggests that it should apply only to civil proceedings, specifically the language concerning validity and amount of a claim. Rule 11(e)(6) of the Federal Rules of Criminal Procedure is of no help to this defendant. It applies to the inadmissibility of pleas, plea discussions, and related statements in criminal cases.

Nothing in Rule 408 specifically prohibits the receipt of evidence in criminal proceedings concerning the admissions and statements made at a conference to settle claims of private parties. *United States v. Gonzalez*, 748 F.2d 74, 78 (2d Cir.1984). The public interest in the prosecution of crime is greater than the public interest in the settlement of civil disputes. *Id.* Rule 408 should not be applied to criminal cases. *United States v. Baker*, 926 F.2d 179 (2d Cir.1991). The trial court did not abuse its discretion when admitting defendant Smillie's statements made to Investigator Lott on May 15 and July 2, 1990.

Defendant Prewitt claims that the district court abused its discretion in excluding certain testimony by witness Stalnaker. Defendant Prewitt asked Stalnaker what commission would have been earned had binding contracts been entered into for the purchase of the trust. The district court did not allow this testimony because it would be speculative. This was not an abuse of discretion.

Defendant Prewitt claims that his prior mail fraud convictions in the Northern District of Indiana should not have been admitted. Rule 404(b), Federal Rules of Evidence provides as follows:

(b) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident ...

■ Evidence of prior crimes, wrongs or acts is only admissible if:

(1) [I]t is a matter in issue other than the defendant's propensity to commit the offense charged; (2) it is similar enough and close enough in time to be relevant to the matter in issue; (3) it is clear and convincing; and (4) its probative value is not substantially outweighed by the danger of unfair prejudice.

*United States v. Lennartz*, 948 F.2d 363, 366 (7th Cir.1991); *United States v. Shackleford*, 738 F.2d 776, 779 (7th Cir.1984).

Pursuant to proffer and balancing the district court admitted defendant Prewitt's two prior convictions of mail fraud to prove in-

tent, knowledge and plan. The jury was provided a limiting instruction upon its admission.

■ The prior convictions were admissible because their probative value concerning intent, knowledge and plan was not outweighed by any possible prejudice to defendant Prewitt. *United States v. Torres*, 977 F.2d 321, 328 (7th Cir.1992). The trial court did not abuse its discretion in admitting defendant Prewitt's prior convictions.

■ Defendant Smillie further argues that the district court erred in denying his renewed motion for severance. He must show that the district court actually prejudiced him by depriving him of a fair joint trial. *United States v. Hamilton*, 19 F.3d 350 (7th Cir. 1994).

■ Defendant Smillie argued for severance because the evidence of Prewitt's two prior federal convictions for mail fraud was so prejudicial as to deprive him of a fair trial. To show actual prejudice defendant must show that one of the following was present:

(1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a codefendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants.

*United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir.1993). Defendant has not shown any of these circumstances to be present. The jury could easily separate the evidence as it applied to each defendant including defendant Prewitt's prior convictions and were so instructed by the district court. The trial court did not abuse its discretion in denying defendant Smillie's motion for severance.

■ Defendant Prewitt principally argues that the district court erred in denying his motion to dismiss the indictment. The district court's ruling on a motion to dismiss the indictment is a ruling on a question of law and is subject to *de novo* review. *United States v. Furlett*, 974 F.2d 839, 841 (7th Cir.1992).

Defendant Prewitt argues that his plea agreement in the Northern District of Indiana precluded the charges from being brought against him in this case.

On its face the plea agreement is unambiguous. It bound only the United States Attorney's Office for the Northern District of Indiana from bringing charges in the Northern District of Indiana arising from defendant Prewitt's dealings with Mid Continent, the Riley Agency or Chubb Insurance Group or any other affiliated companies.

Defendant Prewitt argues that any other affiliated companies includes Sterling. Whether or not any other affiliated companies includes Sterling is not material to whether the plea agreement precluded the Southern District of Indiana from charging defendant Prewitt. The agreement precluded only prosecution in the Northern District of Indiana.

The September 11, 1990 letter written by Thomas O. Plouff prior to sentencing of Prewitt in the Northern District of Indiana clarifies the extent of the plea agreement. It advises defendant's counsel of the pending investigation in the Southern District of Indiana, his intent to abide by the plea agreement and not to prosecute defendant for any of the alleged criminal activity in the Northern District of Indiana. Prior to sentencing defendant Prewitt knew there was a strong possibility of future prosecution in the Southern District of Indiana and that the plea agreement only precluded Northern District of Indiana prosecutions.

Defendant Prewitt emphasizes that Postal inspector Thomas Burnham investigated both cases and that some of the activity for which he was indicted in the Southern District of Indiana occurred in the Northern District of Indiana. The record indicates, however, that three investors resided in the Southern District of Indiana and the charges in the Southern District arose from an investigation distinct from the Northern District of Indiana investigation. The plea agreement provided that defendant Prewitt would not be charged in the Northern District of Indiana for any of his dealings with Mid–Continent, the Riley Agency or Chubb Insurance Group or any other affiliated companies.

The government complied with this agreement.

[redacted] The agreement did not preclude state charges or charges in other federal district courts. The agreement was not binding on the United States Attorney's Office for the Southern District of Indiana. *See United States v. Ingram,* 979 F.2d 1179, 1185 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1616, 123 L.Ed.2d 176 (1993). The denial of defendant's motion to dismiss the indictment was not an error of law.

Defendant Prewitt contends that the trial court erred by denying his August 11, 1993 motion to vacate the convictions and dismiss the indictment because the conduct used to enhance his offense level was utilized in both the Northern District of Indiana and here in violation of *United States v. McCormick,* 992 F.2d 437 (2d Cir.1993). The Northern District of Indiana conviction was not a sentencing guidelines case. The district court properly denied Prewitt's motion to vacate the convictions and dismiss the indictment because defendant did not suffer any double jeopardy violations. He was convicted and sentenced for separate crimes.

CONCLUSION

The district court did not abuse its discretion or err as a matter of law. Accordingly, the convictions of defendants Smillie and Prewitt are

AFFIRMED.