**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey D. LEE, Defendant–Appellant.**

No. 95–2188.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1995.

Decided Dec. 14, 1995.

Rehearing Denied Jan. 24, 1996.

Susan H. Dowd (argued), Office of the U.S. Attorney, U.S. Courthouse, Indianapolis, IN, for Plaintiff–Appellee.

S. Sargent Visher (argued), Indianapolis, IN, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

BAUER, Circuit Judge.

Jeffrey D. Lee appeals his conviction for possession of a firearm in violation of 18 U.S.C. § 922(g). Lee raises three arguments on appeal. We affirm.

## BACKGROUND

On June 8, 1994, a grand jury indicted Lee on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). That section provides, in relevant part:

It shall be unlawful for any person ... who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year ... to possess in or affecting commerce any firearm.

Prior to trial, Lee stipulated that he had possessed a 12 gauge double barrel shotgun. Though the facts surrounding Lee's possession of the shotgun were not relevant at trial, the Presentence Investigation Report reveals that he used the shotgun to menace his girlfriend. Lee also stipulated that the shotgun had travelled in or affected interstate commerce. The only issue remaining for the district court was whether the defendant had been convicted of a prior felony. As to that issue, the indictment alleged that Lee had been convicted of a qualifying felony in Indiana in January 1988. Lee moved to dismiss the indictment, arguing that he was not forbidden from possessing a shotgun by virtue of language in 18 U.S.C. § 921(a)(20) that limits the reach of 18 U.S.C. § 922(g). Section 921(a)(20) states:

What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been par-

doned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Lee argued that under Indiana law, his civil rights were restored automatically after he served his sentence for the 1988 conviction, and that he regained the right to possess a shotgun, as opposed to a handgun. The district court denied the motion to dismiss the indictment. Relying on *United States v. McKinley*, 23 F.3d 181, 183 (7th Cir.1994), the district court found that Lee's civil rights had not been restored because Indiana had not enacted a general statute "substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." Additionally, the district court found that Lee's proffered distinction between a handgun and a shotgun was without merit, relying on *United States v. Driscoll*, 970 F.2d 1472, 1481 (6th Cir. 1992), *cert. denied*, 506 U.S. 1083, 113 S.Ct. 1056, 122 L.Ed.2d 362 (1993).

On January 4, 1995, an Indiana state court expunged Lee's 1988 conviction. On January 9, 1995 the district court conducted Lee's bench trial. At trial, Lee argued that by virtue of the 1995 expungement he was not a "felon" for purposes of § 922(g). In particular, Lee stressed that the 1995 expungement was *ab initio*—i.e. as if he had never been convicted at all. Therefore, Lee argued, he was not a felon at the time of his § 922(g) violation in January 1994. The district court rejected this argument, finding that although the state conviction eventually was expunged, it still constituted a conviction which prevented Lee from possessing a firearm on January 15, 1994. The district court convicted Lee and sentenced him to 33 months imprisonment and three years of supervised release.

## ANALYSIS

Lee challenges his conviction on three grounds. First, he argues that the district court erred in denying his motion to dismiss the indictment. Next, Lee argues that the

January 1995 expungement of his 1988 conviction precluded his conviction for the 1994 shotgun possession. Finally, he argues that there was inadequate proof of a connection between the shotgun and interstate commerce.

■ We review *de novo* the district court's denial of Lee's motion to dismiss the indictment. *United States v. Prewitt,* 34 F.3d 436, 440 (7th Cir.1994). Unfortunately for Lee, his argument that Indiana automatically restores a felon's civil right to carry a shotgun is foreclosed by our decision in *McKinley,* 23 F.3d at 183. In *McKinley,* we held that "absent a pardon or expungement, a state must enact a general statute substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." *Id.* Furthermore, we examined Indiana law and concluded that "convicted felons in Indiana do not receive substantial restoration of their civil rights." *McKinley,* 23 F.3d at 184. Because, for purposes of this argument, Lee concedes he is a convicted felon, his civil right to carry a firearm has not been restored.

Recognizing that *McKinley* poses an apparently insurmountable problem, Lee asks that we "purify" our earlier analysis based on a more careful accounting of Congressional intent, legislative history, and Indiana law. While we appreciate Lee's gumption, we decline his offer to revisit *McKinley.* Lee also tries an end run around *McKinley* by arguing that its "precise," though implicit, holding was that because *McKinley* was on parole at the time of his § 922(g) violation he was expressly forbidden to possess guns. This is wrong. Our holding in *McKinley,* explicitly and implicitly, was that Indiana does not automatically restore convicted felons' rights to carry guns.

Lee next argues that *McKinley* does not apply because Lee possessed a shotgun rather than a handgun. As Lee mentions in passing, McKinley, himself, was convicted for possessing a shotgun. *McKinley,* 23 F.3d at 183. Leaving that aside, we reject Lee's comparison between shotguns and handguns as a distinction without a difference. The district court relied on *Driscoll, supra,* in rejecting this argument. In *Driscoll,* the Sixth Circuit addressed the significance of Michigan's restriction on felons' possession of handguns, but not shotguns. The court analyzed the plain language of sections 922(g) and 921(a)(20) and found:

> [F]ederal courts should examine state law solely for the purpose of determining whether the state has restored felons to their full civil rights, including allowing them to possess firearms. If so, then the state has effectively vouched for its convicted felons, declaring them free of stigma and worthy of equal treatment by the federal government.

970 F.2d at 1480. We agree with the Sixth Circuit that under federal law, "a person is either treated as a convicted felon, and thus prohibited from carrying any firearms, or is treated as though he had a clean record, and thus allowed to carry all legal firearms." *Driscoll,* 970 F.2d at 1480. In other words, it's all or nothing. Because Indiana law does not restore fully felons' civil rights, those felons may carry firearms (shotgun, handgun, or any other firearm) only at the risk of prosecution under § 922(g).

Lee contends that we should look to *United States v. Dahms,* 938 F.2d 131 (9th Cir. 1991) rather than *Driscoll.* In *Dahms,* the Ninth Circuit held that Michigan law (Dahms committed his § 922(g) violation in Montana but he had committed the predicate felony in Michigan) did restore a felon's civil right to possess a shotgun as opposed to a handgun. The Sixth Circuit explicitly rejected *Dahms. Driscoll,* 970 F.2d at 1480. However, we find *Dahms* consistent with our analysis. In *Dahms,* the court applied a two-step analysis. First, it found that Michigan had substantially restored Dahms' civil rights. *Dahms,* 938 F.2d at 133. Next, the court reasoned, even if the felon's civil rights were restored, he still would be precluded from carrying a gun if "such restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." 18 U.S.C. § 921(a)(20). According to the court in *Dahms,* Michigan law did not provide expressly that felons may not possess shotguns. Accordingly, Dahms was permitted to possess a shotgun. However, as discussed above, Lee fails the first step of the *Dahms*

analysis because Indiana has *not* restored his civil rights. The second step of the *Dahms* analysis is irrelevant. For that reason, *Dahms* does not help Lee.

■ Lee next alleges that there was insufficient evidence that he had a previous felony conviction. We apply an exceedingly stringent standard of review to sufficiency challenges. We review the evidence in the light most favorable to the government and will affirm so long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Lee does not claim that he was not convicted of a felony in 1988. He concedes, as he must, that he was convicted, and that the conviction was still in effect at the time he committed the § 922(g) violation ·in January 1994. However, by the time he went to trial on January 9, 1995, the 1988 conviction had been expunged *ab initio* (albeit only 5 days earlier). Therefore, he contends, he was not a "felon" at the time of trial.

The district court was not impressed by the recent expungement and neither are we. The district court relied on *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In *Lewis*, the Court held that federal law prohibits a felon from possessing a firearm regardless of whether the predicate felony conviction was subject to collateral attack on constitutional grounds. The Court concluded that "Congress clearly intended that the defendant clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Lewis*, 445 U.S. at 64–65, 100 S.Ct. at 919–920 (emphasis in original). The decisive question is whether Lee's conviction had been expunged at the time he committed the § 922(g) violation—January 1994. *See United States v. Chambers*, 922 F.2d 228, 238–39 (5th Cir.1991); *United States v. Mayfield*, 810 F.2d 943, 946 (10th Cir.1987); *United States v. Cabrera*, 786 F.2d 1097, 1098 (11th Cir.1986). Because it had not been, his sufficiency challenge fails.

■ Lee's retort to *Lewis* is that its analysis did not survive the enactment of 18 U.S.C. § 921(a)(20) in 1986. However, Lee presents no authority for this proposition. This is unsurprising; because none exists. Moreover, the Fifth Circuit's decision in *Chambers* postdates the enactment of § 921(a)(20). Finally, even if we accept Lee's argument that Congress enacted § 921(a)(20) to ensure that "expungement mattered," we still would adhere to the general principle behind *Lewis* which requires that expungement predate the possession of a firearm. Section 922(g) is simple: felons may not possess firearms. In order for a felon lawfully to possess a firearm, the prior conviction must be expunged before he possesses the weapon. At the time Lee possessed the shotgun in 1994, his conviction had not been expunged and he satisfied all the elements of § 922(g).

■ Finally, Lee alleges that the district court lacked sufficient evidence to convict because there was insufficient proof of a connection between his shotgun and interstate commerce. Because Lee did not raise this issue below, we review it for plain error. *McKinley*, 23 F.3d at 184. Initially, we note that Lee stipulated at trial that his shotgun "was in or affecting commerce." That stipulation alone would satisfy the requirement of sufficient evidence supporting Lee's conviction.

■ Nevertheless, Lee argues that the stipulation is insufficient in light of *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In *Lopez*, the Court determined that 18 U.S.C. § 922(q)— the Gun–Free School Zones Act—exceeded Congress' Commerce Clause authority. We recently have held that § 922(g) survives a constitutional challenge under *Lopez*. *United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995). In *Bell*, we noted that *Lopez* identified § 922(q)'s failing as its lack of a "jurisdictional element which would ensure, through a case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Bell*, at 498 (quoting *Lopez*, —— U.S. at ——, 115 S.Ct. at 1631). In contrast, § 922(g) contains just such a jurisdictional

requirement. Therefore, *Lopez* presents no obstacle to Lee's conviction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.