107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. CHANDLER, Defendant-Appellant.
 No. 96-2751.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 22, 1997.
Decided Feb. 13, 1997.
 
 Before CUDAHY, ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 It would indeed be unusual if we were to overrule a decision we released less than 100 days ago. But that is exactly what would have to happen here for Thomas Chandler to win his appeal. After the briefs were filed and prior to oral argument, we decided United States v. Lewis, 100 F.3d 49 (7th Cir.1996), which disposes of every issue Chandler raises except one that he seems to only halfheartedly advance as an afterthought. For the reasons that follow, therefore, we affirm the judgment of the district court.
 
 
 2
 A jury convicted Chandler on two counts of possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The two firearms, a High Standard .22 caliber 9-shot revolver and a Sterling Arms semi-automatic pistol, were sold to an undercover ATF agent on January 17 and February 3, 1992. Chandler facilitated the sale of the High Standard for $220 and directly sold the Sterling Arms for $150. Both sales occurred in the Chicago area, and another ATF agent testified at the trial that the High Standard was manufactured in Connecticut and the Sterling Arms was made in New York. Chandler stipulated that he had been convicted of a felony (in fact he had a bevy of prior felony convictions) when the guns were sold.
 
 
 3
 On appeal, relying on United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995), Chandler argues that Congress exceeded its authority to regulate commerce under Article 1 of the Constitution when it enacted 18 U.S.C. § 922(g)(1). He also argues that the "mere fact that a firearm at some time in its history traveled in interstate commerce, does not provide the required substantial nexus between possession of a firearm and interstate commerce." In addition, he argues that the district court erred when it instructed the jury that the government could prove that the weapons traveled in interstate commerce by establishing that a charged firearm, at any time prior to Chandler's possession of it, traveled across a state boundary. Lastly, Chandler argues that the evidence adduced at trial was insufficient to prove his guilt beyond a reasonable doubt.
 
 
 4
 Although all of Chandler's arguments except his insufficiency of the evidence claim looked like losers under United States v. Bell, 70 F.3d 495 (7th Cir.1995), any remote chances he had of prevailing were dashed by Lewis where, citing Scarborough v. United States, 431 U.S. 563 (1977), and 23 other cases, we rejected the same claims made on this appeal. We won't overrule Lewis, so we turn, without further ado, to Chandler's sufficiency of the evidence claim.
 
 
 5
 In arguing that the evidence was insufficient to support the jury's verdict, Chandler runs smack dab into an "exceedingly stringent standard of review." United States v. Lee, 72 F.3d 55, 57 (7th Cir.1995). We review the evidence in the light most favorable to the government and affirm a conviction "so long as any rational trier of fact court have found the essential elements of the crime beyond a reasonable doubt." Id., citing Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 6
 The evidence supporting the jury's verdict was overwhelming. The possession element was established through the testimony of the undercover ATF agent who personally bought the two firearms. Chandler's claim that the evidence was insufficient because Lopez altered the government's proof with respect to the firearms' nexus to interstate commerce is, like his other claims, doomed by Lewis. Although Chandler's counsel has thoroughly and aggressively advanced the issues here on Chandler's behalf, the appeal, under the law as it has existed and as it exists now, compels the affirmance of the district court's judgment.
 
 
 7
 AFFIRMED.