114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne S. CHAPPELL, Defendant-Appellant.
 No. 96-3624.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Dwayne S. Chappell pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As part of his plea agreement, Chappell expressly reserved the right to appeal the district court's denial of his motion to dismiss. That appeal is presently before us.
 
 
 2
 In his motion before the district court to dismiss the indictment, Chappell argued that he was not a felon prohibited from possessing firearms according to Indiana state law, and therefore that he was not a felon as defined by 18 U.S.C. § 921(a)(20) and thus not a felon for purposes of 18 U.S.C. § 922(g)(1). Chappell contends that this court misconstrued Supreme Court precedent and urges us to "overrule all prior decisions which authorize a federal firearms prosecution based upon a prior felony conviction from the state of Indiana."
 
 
 3
 As the district court skillfully explained in its thorough analysis, this court's decisions in United States v. McKinley, 23 F.3d 181 (7th Cir.1994) and United States v. Lee, 72 F.3d 55 (7th Cir.1995) are entirely consistent with the Supreme Court's decision in Beecham v. United States, 114 S.Ct. 1669 (1994). Beecham distinguished the jurisdiction of the state and federal sovereigns in determining if a convicted felon's civil rights have been restored. Beecham, 114 S.Ct. at 1670-71. The Court held that the jurisdiction in which the conviction was obtained was the jurisdiction in which civil rights had to be restored. Id. at 1671. State law can restore the civil rights of a state felon, and, accordingly, state law can not restore a federal felon's civil rights.
 
 
 4
 McKinley and Lee did not address the jurisdictional issue as did Beecham. In McKinley, this court found that Indiana does not restore the civil rights of its felons to the extent necessary to exempt state felons from federal prosecution under § 922(g). McKinley, 23 F.3d at 183. We used federal law to arrive at that determination. Id. Beecham does not hold that state law controls in determining whether or not a state has restored civil rights sufficient to avoid federal prosecution as a felon. In Lee, we expressly rejected the opportunity to reconsider McKinley and maintained that "Indiana does not automatically restore convicted felons' rights to carry guns." Lee, 72 F.3d at 57. In his attempt to convert a jurisdictional determination into a choice of law decision, Chappell has misconstrued and overextended the relevant holding in Beecham.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)