*686 OPINION OF THE COURT
Joseph E. Fahey, J.
The defendant, Allemah Forbes-Haas, is charged in indictment No. 2010-0842-1 with a single count of grand larceny in the third degree, in violation of section 155.35 of the Penal Law, a class D felony.
The People contend that between April and June 2008, the defendant wrongfully took and withheld funds from an escrow account at M&T Bank in Syracuse, New York, in the amount of $22,000. The People seek to introduce statements they contend are admissions made during a settlement conference with employees of the bank and the agreement reached with her during July 2008. The defendant contends that the statements are barred by section 4547 of the Civil Practice Law and Rules. Section 4547 of the CPLR provides:
“Evidence of (a) furnishing, or offering or promising to furnish, or (b) accepting, or offering or promising to accept, any valuable consideration in compromising or attempting to compromise a claim which is disputed as to either validity or amount of damages, shall be inadmissible as proof of liability for or invalidity of the claim or the amount of damages. Evidence of any conduct or statement made during compromise negotiations shall also be inadmissible. The provisions of this section shall not require the exclusion of any evidence, which is otherwise discoverable, solely because such evidence was presented during the course of compromise negotiations. Furthermore, the exclusion established by this section shall not limit the admissibility of such evidence when it is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay or proof of an effort to obstruct a criminal investigation or prosecution.”
The issue of whether this statute bars evidence resulting from a settlement conference in a criminal prosecution appears to be one of first impression in New York. There does not appear to be any reported decisions resolving this issue.
The issue has been addressed in several decisions at the federal level with conflicting results.
In United States v Prewitt (34 F3d 436 [1994]), the United States Court of Appeals for the Seventh Circuit held that it was *687 not error for the trial court to admit statements made by the defendant during the course of compromise negotiations with the Securities Division of the Indiana Secretary of State’s Office in a prosecution for mail fraud. In construing rule 408 of the Federal Rules of Evidence, which is identical to section 4547 of the CPLR, the court determined that it applied solely to civil proceedings and contained no restriction on the use of such statements in criminal prosecutions. Moreover, Judge Shabaz went on to note that “[t]he public interest in the prosecution of crime is greater than the public interest in the settlement of civil disputes.” (34 F3d at 439.)
In contrast, the United States Court of Appeals for the Fifth Circuit in United States v Hays (872 F2d 582 [1989]) held that the receipt of such evidence was not harmless. In that case, Judge Johnson observed:
“Federal Rule of Evidence 408 permits evidence of settlement agreements for purposes other than proving liability, such as demonstrating the prejudice of a witness, negativing a contention of undue delay, or establishing the obstruction of a criminal investigation. The Government does not contend that it offered this evidence for any of the permissible purposes contemplated by Rule 408. Rather, the Government urges that evidence of the settlement agreement assisted the jury in its understanding of the breadth of the conspiracy. In our view, this purpose stands at direct odds with the clear mandates of Rule 408 . . .
“As the appellants correctly contend in brief, and as the framers of Rule 408 clearly contemplated, the potential impact of the evidence regarding a settlement agreement with regard to a determination of liability is profound. It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money back. Accordingly, we cannot say that the admission of the evidence . . . did not affect their substantial rights under the plain error standard.” (872 F2d at 589.)
The Second Circuit Court of Appeals in United States v Gonzalez (748 F2d 74 [1984]) took an even more expansive view than the Seventh Circuit, holding that rule 408 never has any application in a criminal proceeding. Indeed, in that case, the *688 court noted that the evidence was offered to prove the ultimate issue before the jury, the guilt of the defendant. Judge Lumbard, in the Court’s opinion, declared:
“[T]he primary policy justification for Rule 408’s exclusion in the civil context does not apply to criminal prosecutions. Rule 408 is premised on the idea that encouraging settlement of civil claims justifies excluding otherwise probative evidence from civil lawsuits. Fed. R. Evid. 408 advisory committee note. However, encouraging settlement does not justify excluding probative and otherwise admissible evidence in criminal prosecutions. The public interest in the disclosure and prosecution of crime is surely greater than the public interest in the settlement of civil disputes. It follows that since nothing in the Rule specifically prohibits receiving in evidence the admissions and statements made at a conference to settle claims of private parties, they are admissible in any criminal proceeding.” (748 F2d at 78.)
In the case at bar, the People contend that the evidence concerning the settlement conference and agreement is relevant on the issues of her intent and to rebut the affirmative defense that she had “a claim of right made in good faith” that was being asserted pursuant to section 155.15 (1) of the Penal Law. In light of these assertions, the court finds that the evidence is relevant and further concurs with the Second Circuit view that the public interest in prosecuting crime outweighs achieving a settlement of civil claims.
Accordingly, this court holds that section 4547 of the Civil Practice Law and Rules is not applicable in a criminal prosecution in the State of New York. The People will be permitted to present testimony about the settlement conference at issue.