In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2985

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JIMMY L. THOMPSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cr-795 — **Charles P. Kocoras**, *Judge.*

ARGUED APRIL 19, 2018 — DECIDED AUGUST 24, 2018

Before RIPPLE, MANION, and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. Jimmy Thompson was charged by indictment and pled guilty to being a felon in possession of a firearm, 18 U.S.C § 922(g)(1). He admitted he possessed the firearm and initially conceded he was a felon based on his prior conviction of aggravated unlawful use of a weapon ("AUUW"), an Illinois state-law offense. Later, however, he moved to set aside his plea on the basis that the AUUW conviction was invalid and thus, Thompson argued, he should

not have been considered a felon. Indeed, this court and the Illinois Supreme Court ruled the AUUW statute unconstitutional before Thompson was charged in this case, *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012); *People v. Aguilar*, 2 N.E.3d 321 (2013), though Thompson never moved to have the conviction vacated or expunged. The district court, relying on the Supreme Court's decision in *Lewis v. United States*, 445 U.S. 55 (1980), rejected Thompson's argument, denied his motion, and sentenced him to sixteen months' imprisonment.

Thompson reasserts this same argument on appeal—that a conviction for violating a state statute later ruled unconstitutional and *void ab initio* cannot serve as a predicate offense for purposes of the federal felon in possession statute. In so doing, Thompson is asking us to overturn our decision in *United States v. Lee*, 72 F.3d 55 (7th Cir. 1995). We decline to do so.

### I.   ANALYSIS

Whether Thompson was properly considered a felon turns on the interpretation of the felon in possession statute and of controlling case law, so our review is *de novo*. *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018).

The district court's interpretation is entirely consistent with our decision in *Lee*. In that case, the defendant was charged with being a felon in possession of a firearm based on a prior state-law felony conviction. 72 F.3d at 56. After Lee was indicted but before he was tried, the state expunged his previous conviction. *Id.* Like Thompson, Lee argued the government could not prove that he had previously been convicted of a felony because the conviction was expunged *void*

*ab initio*. *Id.* at 58. We rejected this argument based on the Supreme Court's decision in *Lewis*. *Lee*, 72 F.3d at 58.

Today, we again reject the argument. The plain meaning of § 922(g)(1) "is that the fact of a felony conviction imposes [a] firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action." *Lewis*, 445 U.S. at 60–61. "No exception ... is made for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." *Id*. at 62. From this language it is clear that "Congress ... intended that the defendant clear his status *before* obtaining a firearm." *Id.* at 64. Thompson could have filed petition in state court to have his conviction vacated but failed to do so.

Thompson presents us with several policy-based reasons why this rule is, in his view, unfair. Those arguments are best suited for the policymakers, not the courts. So far Congress has made no change to the relevant language of its statute, and we remain convinced that our earlier interpretation was correct. This district court did not err in denying Thompson's motions to withdraw his plea and to vacate the indictment.

## II.  CONCLUSION

At the time that Thompson possessed the firearm, he had been convicted of a felony, and that felony conviction had not been expunged. Thus he violated the federal statute. The judgment of the district court is AFFIRMED.