**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth L. BELL, Defendant–Appellant.**

No. 95–1266.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1995.

Decided Nov. 17, 1995.

James E. Beckman (argued), Office of the
United States Attorney, Springfield, IL, for
Plaintiff–Appellee.

Jon G. Noll, Jeffrey T. Page (argued), Springfield, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

This appeal causes us to consider the constitutionality of 18 U.S.C. § 922(g)(1) in light of the Supreme Court's recent decision in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In *Lopez,* decided on April 26, 1995, the Court determined that another subsection of § 922—§ 922(q), the Gun–Free School Zones Act—exceeded Congress' Commerce Clause authority.

In May 1994, Kenneth L. Bell was charged with possession of a firearm by a felon, in violation of § 922(g)(1). He entered a conditional guilty plea to the charge, reserving his right to withdraw the plea if it was determined that he would receive an enhanced sentence for being an armed career criminal. Ultimately, in fact, he was sentenced as an armed career criminal, but he did not move to withdraw his guilty plea.[1] He faced a mandatory minimum sentence of 180 months. However, the government moved for a downward departure, and Mr. Bell was sentenced to 156 months in prison. Judgment was entered on January 31, 1995, approximately three months before the *Lopez* decision was entered.

The factual basis for the plea was that an undercover government agent attempted to purchase a Marlin 30/30 caliber lever-action rifle from Mr. Bell. After some bartering, the agreed price was $125, which the agent paid to Mr. Bell, who in turn placed the rifle in the agent's vehicle. The rifle had traveled in interstate commerce. The weapon had also been test-fired and was found to be functioning properly.

■ Because Mr. Bell entered a guilty plea and raises his challenge to the constitutionality of § 922(g)(1) for the first time on appeal, we must consider whether the issue is properly before us.

■ Even very serious issues in criminal proceedings can, of course, be forfeited or waived. The principles of forfeiture and waiver are separate, as the court pointed out in *United States v. Olano,* 507 U.S. 725, ——, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993):

Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right."

Mr. Bell's problem is waiver. He entered a guilty plea without preserving the present issue. By so doing, did he waive his right to raise the issue?

■ Ordinarily, a guilty plea is a waiver of violations, even constitutional violations "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975). In *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Court further closed the door to attacks on guilty pleas, ruling in that case that a guilty plea foreclosed challenges based on double jeopardy. However, in *Broce,* the Court retained an exception to the doctrine. The exception is the one established in *Menna* and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In situations in which the government is precluded from "haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Broce,* at 575, 109 S.Ct. at 765, quoting *Menna,* at 62, 96 S.Ct. at 242.

■ We have recognized the exception to the principle that a knowing and voluntary guilty plea bars a subsequent challenge based on constitutional deprivations. The exception exists if the defect is jurisdictional,

---

1. He raised and wisely abandoned the sentencing issue on appeal. Bell's objection to armed career criminal treatment under the guidelines confused the distinction between that category and career offender status. Bell, given his prior record, was properly classified as an armed career criminal.

i.e., the "court has no power to enter the conviction." *United States v. Seybold,* 979 F.2d 582 (7th Cir.1992).

After *Broce,* other courts have continued to find that the claim that the applicable statute is unconstitutional is a jurisdictional claim which is not waived by the guilty plea. *United States v. Montilla,* 870 F.2d 549 (9th Cir.1989); *Marzano v. Kincheloe,* 915 F.2d 549 (9th Cir.1990) (collateral attack under 28 U.S.C. § 2254); *United States v. Palacios–Casquete,* 55 F.3d 557 (11th Cir.1995); *United States v. Skinner,* 25 F.3d 1314 (6th Cir. 1994); *United States v. Knowles,* 29 F.3d 947 (5th Cir.1994). However, in *United States v. Baucum,* 66 F.3d 362 (D.C.Cir.1995), the court refused, under the circuit's "supervening-decision" doctrine, to consider a challenge, raised for the first time on appeal, to 21 U.S.C. § 860(a), the prohibition against distributing cocaine within 1,000 feet of a school. The court reasoned, in part, that the law regarding the statute was not so clear as to render a challenge futile prior to *Lopez.* There had been no decision of the circuit or the Supreme Court on the constitutionality of § 860(a), and the defendant could have raised the issue prior to entering his guilty plea. The situation with § 922(g) is different in light of *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977), in which the Court concluded that the predecessor statute to § 922(g) required only the "minimal nexus that the firearm have been, at some time, in interstate commerce." *Scarborough,* it is fair to say, rendered a pre-*Lopez* challenge to § 922(g)(1) futile, even frivolous.

In fact, since *Lopez,* challenges to § 922(g)(1) have been considered without any discussion as to whether a guilty plea constituted a waiver of the claim. *See, e.g., United States v. Shelton,* 66 F.3d 991 (8th Cir.1995); *United States v. Rankin,* 64 F.3d 338 (8th Cir.1995).

We will, in the circumstances of this case, consider Mr. Bell's claim. If the statute under which he was prosecuted were now found to be unconstitutional after it seemed unquestionably to be constitutional for such a long period of time, it would hardly be just to allow his conviction to stand. Furthermore,

if there were no constitutional statute to be charged under, there could not be a "valid establishment of factual guilt." Mr. Bell would have possessed the gun, but possessing it would not violate federal law. For these reasons, Mr. Bell's guilty plea will not preclude our review of the issue he wants to air.

■ So, by a rather long route, we reach the issue of whether § 922(g)(1) is a constitutional exercise of congressional power under the Commerce Clause. Unfortunately for Mr. Bell, what we find at our destination is not what he wanted us to find. Like most of the courts which have considered the reach of *Lopez,* we find that it does not extend as far as Mr. Bell urges.

It appears that *United States v. Lopez* has raised many false hopes. Defendants have used it as a basis for challenges to various statutes. Almost invariably those challenges fail. *See United States v. Carolina,* 1995 WL 422862 (10th Cir.1995) (challenge to 18 U.S.C. § 2119 [carjacking] and 924(c)(1) [carrying firearm during a crime of violence]); *United States v. Oliver,* 60 F.3d 547 (9th Cir.1995) (car-jacking); *United States v. Sherlin,* 67 F.3d 1208 (6th Cir.1995) (18 U.S.C. § 844(i) [arson]); *Cheffer v. Reno,* 55 F.3d 1517 (11th Cir.1995) (18 U.S.C. § 248 [Freedom of Access to Clinic Entrances Act]); *United States v. Dodge,* 61 F.3d 142 (2d Cir.1995) (26 U.S.C. § 5861(d) [possession of an unregistered destructive device] and 18 U.S.C. § 371 [conspiracy to possess an unregistered firearm]); *United States v. Bolton,* 68 F.3d 396 (10th Cir.1995) (18 U.S.C. § 1951 [Hobbs Act]); *United States v. Wilks,* 58 F.3d 1518 (10th Cir.1995) (18 U.S.C. § 922(O) [illegal possession or transfer of machine guns]).

In addition, challenges to the specific statute at issue, § 922(g)(1), have failed. *United States v. Collins,* 61 F.3d 1379 (9th Cir.1995); *United States v. Hanna,* 55 F.3d 1456 (9th Cir.1995). In *United States v. Walker,* 59 F.3d 1196 (11th Cir.1995), the defendant challenged 18 U.S.C. § 922(q), the statute at issue in *Lopez,* but did not even challenge his conviction under § 922(g)(1).

Relying on *Scarborough,* which as we have noted only requires a "minimal nexus" between the firearm and interstate commerce, we have rejected challenges to the sufficiency of evidence on the "commerce" element of the offense. In *United States v. Lowe,* 860 F.2d 1370, 1374 (7th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155, we had no trouble concluding that "Congress intended to reach the possession of firearms broadly" and that the mere movement of a weapon, at some time, across state lines satisfied the commerce element of § 922(g)(1).

Our question boils down to whether *Lopez* casts doubt on *Scarborough* and *Lowe,* and whether under the *Lopez* analysis, § 922(g)(1) exceeds congressional power under the Commerce Clause.

In *Lopez,* the Court determined that in enacting 18 U.S.C. § 922(q), the Gun–Free School Zones Act, Congress had exceeded the "outer limits" of its power under the Commerce Clause. Under the clause, Congress can regulate, the court recounted, three broad categories of activity: the use of the channels of interstate commerce; the instrumentalities of interstate commerce and persons and things in interstate commerce; and activities having a substantial relation to interstate commerce. The latter was the only possible justification for § 922(q).

The Gun–Free School Zone Act failed to survive the constitutional challenge because it was not an essential part of a larger regulation of economic activity and it did not contain a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez,* —— U.S. at ——, 115 S.Ct. at 1631. The statute also did not contain congressional findings which would, the Court said, enable them "to evaluate the legislative judgment that the activity in question substantially affected interstate commerce...." —— U.S. at ——, 115 S.Ct. at 1632.

Section 922(g)(1) does not suffer from the same infirmities. It contains an explicit requirement that a nexus to interstate commerce be established. It makes it unlawful for a felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm...." Had Mr. Bell gone to trial, the government would have been required to prove that the weapon he sold to the undercover agent had traveled in interstate commerce. In other words, to secure a conviction under § 922(g)(1) the government had to prove exactly what *Lopez* found missing under § 922(q). Because Mr. Bell entered a guilty plea, he admitted the existence of a factual basis for the requirement of a nexus with interstate commerce.

For these reasons, we find 18 U.S.C. § 922(g)(1), which makes it a federal offense for a felon to possess a firearm, to be immune from constitutional attack under *Lopez.*

Accordingly, the conviction and sentence of Mr. Bell are AFFIRMED.