78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd G. SHORTY, also known as Lloyd Dotson, Defendant-Appellant.
 No. 95-1930.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Lloyd Shorty was found guilty and sentenced on one count of possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). Shorty raises two arguments in this appeal from his conviction: that the evidence was insufficient to prove beyond a reasonable doubt that Shorty possessed the gun in question, and that the application of 18 U.S.C. § 922(g) to this case violates the Commerce Clause as interpreted in United States v. Lopez, 115 S.Ct. 1624 (1995). We affirm.
 
 
 2
 Shorty's first argument has no merit. In reviewing a sufficiency of the evidence challenge, "we must uphold the jury's verdict if 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Brown, 71 F.3d 1352, 1354 (7th Cir.1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). As an appellate court, it is not our role "to reexamine credibility determinations or reweigh the evidence." Archambault, 62 F.3d 995, 999 (7th Cir.1995) (quotation omitted). Our court will only question a jury's determination of witness credibility if the testimony is "incredible as a matter of law": that is, "it must have been either physically impossible for the witness to observe that which he or she claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." United States v. Crowder, 36 F.3d 691, 696 & n. 1 (7th Cir.1994) (citing United States v. Hernandez, 13 F.3d 248, 252 (7th Cir.1994), and quoting United States v. Dunigan, 884 F.2d 1010, 1013 (7th Cir.1989)), cert. denied, 115 S.Ct. 1146 (1995).
 
 
 3
 Shorty concedes that one of the police officers involved in Shorty's arrest (Officer Eddlemon) testified at trial to seeing the barrel of a gun protruding from Shorty's hand. Moreover, another officer (Officer Grow) testified that he saw a black object which he believed to be a gun in Shorty's hand, and a third officer (Officer Cook) testified to finding a gun several feet from a lightweight fence that Shorty apparently knocked down while fleeing the officers. Also, the government introduced a transcript of a 911 call by the woman who lived with Shorty (Anissa Cooley), stating shortly before his arrest that Shorty had a gun; Cooley recanted at trial this 911 statement and her similar statement to a police officer about three months later. Shorty argues that because no fingerprints were found on the gun, because he was found carrying a black cellular telephone that could look from a distance like a gun, and because four defense witnesses testified that they did not see Shorty with a gun either shortly before or during his arrest, no reasonable jury could find beyond a reasonable doubt that he possessed a gun. However, Shorty does not show how it was physically impossible that Officer Eddlemon saw him with a gun, or that the gun found by Officer Cook was dropped by Shorty while he was running from the officers. We conclude that the testimony of the witnesses for the prosecution was sufficient to support the jury's finding that Shorty possessed the gun recovered at the scene.
 
 
 4
 Shorty's second argument, that 18 U.S.C. § 922(g) violates the Commerce Clause as applied to him, fails in light of our court's recent decision in United States v. Bell, 70 F.3d 495 (7th Cir.1995). In Bell, we held that § 922(g) does not suffer from the same infirmities that caused the Supreme Court in Lopez to find that 18 U.S.C. § 922(q) (the Gun-Free School Zones Act) violated the Commerce Clause. Bell, 70 F.3d at 498. Section 922(g), as opposed to § 922(q), "contains an explicit requirement that a nexus to interstate commerce be established." Id. Specifically, § 922(g) states that a felon may not " 'ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm....' ". Id. (quoting 18 U.S.C. § 922(g)). This language in § 922(g) ensures " 'through case-by-case inquiry [ ] that the firearm possession in question affects interstate commerce.' " Id. (quoting Lopez, 115 S.Ct. at 1631).
 
 
 5
 In Shorty's trial, Special Agent Donald York from the Bureau of Alcohol, Tobacco, and Firearms testified that the brand of firearm recovered at the scene, Glock, was manufactured in Austria and imported exclusively by Glock, Inc. in Smyrna, Georgia. With respect to this particular firearm, Agent York testified that it had stamped on it both the words "Austria" and "Glock, Inc., Smyrna, Georgia". The agent further testified that this firearm was stolen from a gun shop in the Peoria, Illinois area, which acquired the weapon from Bill's Guns in Minneapolis, Minnesota. Shorty was convicted for possessing this firearm in Peoria, Illinois. As we reaffirmed in Bell, "the mere movement of a weapon, at some time, across state lines satisfie[s] the commerce element of § 922(g)(1)." Id. (citing United States v. Lowe, 860 F.2d 1370, 1374 (7th Cir.1988), cert. denied, 490 U.S. 1005 (1989)). We conclude that the commerce element of § 922(g) was satisfied in Shorty's case.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)