**UNITED STATES of America, Plaintiff,**

v.

**Kevin CHAPMAN, Defendant.**

**Criminal No. 1:94–cr–91–04.**

United States District Court,
W.D. Michigan,
Southern Division.

Jan. 30, 1997.

Kevin Chapman, Whitedeer, PA, pro se.

John C. Bruha, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for U.S.

## OPINION

QUIST, District Judge.

This is a petition to set aside Kevin Chapman's ("Chapman") conviction and sentence.

Chapman, currently incarcerated following federal and state convictions, was originally charged before this Court with conspiracy to possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 846 and 841(a)(1). He later pled to a Superseding Information charging him with maintaining a crack house for the distribution of cocaine base in violation of 21 U.S.C. § 856. On June 13, 1995, Chapman was sentenced by this Court to a term of 222 months incarceration to run concurrently with Chapman's term of imprisonment pursuant to a Judgment in a Michigan state court. At the time of sentencing, the United States dismissed the conspiracy charges. Chapman did not appeal his conviction or his sentence.

Chapman has now filed with this Court a document in his criminal case entitled "Judicial Notice" wherein Chapman claims that this Court did not have subject matter jurisdiction over his criminal case. The document claims that this Court has jurisdiction over the "Judicial Notice" pursuant to Fed. R.Civ.P. 60(b)(6) and various other sections of the United States statutes and the Constitution. The filing states: "(This is not a 2255)."[1] Giving Chapman's petition a very liberal reading, as required by the Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the only argument of substance which Chapman seems to present is that his offense, maintaining a crack house, cannot violate federal law because there is an insufficient nexus to interstate commerce.

Even though Chapman's "Judicial Notice" states that it is not a Section 2255 petition, the only discernible basis for this Court's jurisdiction is 28 U.S.C. § 2255. Fed.R.Civ.P. 60(b)(6) simply refers to relief from Judgments or Orders entered by mistake in *civil* cases. Chapman's conviction was not a civil case. Nor is Chapman's petition a proper petition under 28 U.S.C. § 1651, the All Writs Act. A court's power to issue a coram nobis writ under the All

---

1. Chapman probably does not want his case characterized as a "2255" because of problems he would have with the one year statute of limitations recently enacted for 2255 petitions. *See*

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, § 105 (1996) (to be codified at 28 U.S.C. § 2255).

Writs Act is used only to review factual errors of a fundamentally unjust character. *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984). Chapman does not allege a factual error. Therefore, the Clerk of this Court will be ordered to establish a new file with the "Judicial Notice" as a Petition under 28 U.S.C. § 2255.

Non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except if the error is akin to a denial of due process. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996). Furthermore, constitutional issues may be raised for the first time under 28 U.S.C. § 2255 only where the record demonstrates an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1721, 123 L.Ed.2d 353 (1993) (relying on *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). Nevertheless, this Court will address the merits of Chapman's claim.

Chapman's most persuasive argument is that under *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Congress lacks the power to prohibit the conduct of which Chapman was convicted—operating a crack house. As stated in *United States v. Beuckelaere*, 91 F.3d 781 (6th Cir.1996), " '[i]t appears that *United States v. Lopez* has raised many false hopes. Defendants have used it as a basis for challenges to various statutes. Almost invariably those challenges fail.' " *Id.* at 783 (quoting *United States v. Bell*, 70 F.3d 495, 497 (7th Cir. 1995)). In *Lopez*, the Supreme Court noted that Congress had made no explicit findings about the effect upon interstate commerce of gun possession in proximity to schools. *See Lopez*, 514 U.S. at ——, 115 S.Ct. at 1631. By contrast, in passing the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1236 (codified as amended at 21 U.S.C. § 801 *et seq.*), known as the Controlled Substances Act, Congress stated:

A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, *local distribution*, and possession, nonetheless have a substantial and direct effect upon interstate commerce. . . .

21 U.S.C. § 801(3) (emphasis added).

This Congressional finding regarding interstate commerce has a rational basis. Courts must defer to a Congressional finding that a regulated activity affects interstate commerce if there is a rational basis for such a finding. *Preseault v. ICC*, 494 U.S. 1, 17, 110 S.Ct. 914, 922, 108 L.Ed.2d 1 (1990); *United States v. McHenry*, 97 F.3d 125 (6th Cir.1996), *petition for cert. filed* (U.S. Dec. 23, 1996) (No. 96–7188). Furthermore, even common sense would lead one to conclude that a crack house distributing crack cocaine is simply one depot in the interstate trafficking of this dangerous drug. As the Sixth Circuit has observed, drug trafficking "always implicates interstate commercial concerns." *See United States v. Tucker*, 90 F.3d 1135, 1141 (6th Cir.1996) (a crack distribution conspiracy case). *See also Proyect v. United States*, 101 F.3d 11, 12 (2d Cir.1996) (marijuana manufacturing); *United States v. Watson*, 942 F.Supp. 1378, 1383–86 (D.Kan.1996) (intrastate possession of crack).

■ Finally, Chapman has not made a substantial showing of the denial of any constitutional rights. He has simply disagreed with the Congressional finding that local distribution of an illegal narcotic is an integral part of interstate commerce. Therefore, this Court will not issue a certificate of appealability pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, § 102 (1996), codified at 28 U.S.C. § 2253(c)(2).

For the foregoing reasons, Chapman's "Judicial Notice" will be considered a petition pursuant to 28 U.S.C. § 2255, and as such, is denied. An Order consistent with this Opinion will be entered.

### ORDER

In accordance with the Opinion issued in this matter on this date,

**IT IS ORDERED** that the Clerk of Court establish a file with Kevin Chapman's "Judi-

cial Notice" (docket no. 206) as a Petition under 28 U.S.C. § 2255. The Opinion and this Order shall be filed in the newly established file, terminating the case.

**IT IS FURTHER ORDERED** that the Kevin Chapman's petition to set aside conviction and sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability under 28 U.S.C. § 2253(c).