107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. ANDERSON, Defendant-Appellant.
 No. 96-1927.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Jan. 31, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 Order
 
 1
 James Anderson pleaded guilty to two crimes: transporting stolen property in interstate commerce, in violation of 18 U.S.C. § 2314, and possessing a firearm despite a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 146 months' imprisonment.
 
 
 2
 Anderson's conditional plea reserved for appellate decision the question whether § 922(g)(1) exceeds Congress' power to regulate interstate commerce (see Art. I, § 8, cl. 3). We have held that Congress possesses the power to enact § 922(g)(1), see United States v. Bell, 70 F.3d 495 (7th Cir.1995); United States v. Lewis, 100 F.3d 49 (7th Cir.1996), and adhere to that position.
 
 
 3
 One of the four firearms Anderson possessed--a pistol hidden behind a stereo panel in his car--led to an increase in the offense level under the Sentencing Guidelines. Section 2K2.1(b)(5) adds four levels if the "defendant used or possessed any firearm or ammunition in connection with another felony offense." The district court concluded that Anderson possessed this pistol "in connection with" the burglaries that produced the property ultimately transported in interstate commerce. Anderson contends that he did not use the gun to aid his burglaries--it remained in the car at all times--and therefore should not have received an increase under § 2K2.1(b)(5). Perhaps Anderson has in mind a variation on Bailey v. United States, 116 S.Ct. 501 (1995), although he does not cite that case.
 
 
 4
 As the district judge pointed out, however, and we later confirmed in United States v. Carmack, 100 F.3d 1271, 1278-80 (7th Cir.1996), portions of the Guidelines dealing with the "possession" of weapons are not affected by Bailey's holding, which concerns the meaning of "use." The district judge concluded that the link between the burglaries and Anderson's admitted possession of the gun was that having a gun nearby makes a burglar bolder, and hence more dangerous. That rational connection between the gun and the felonies supports Anderson's sentence, which is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)