124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Michael E. MERRITT, Defendant-Appellant.
 No. 96-1343.
 United States Court of Appeals, Seventh Circuit.
 Aug. 21, 1997.*
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 95 CR 136; J.P. Stadtmueller, Chief Judge.
 
 
 1
 Before CUMMINGS and BAUER and WOOD, C.J.
 
 ORDER
 
 2
 Police officers in Milwaukee, Wisconsin stopped Michael Merritt and John Burks for driving a car without a front license plate, in violation of Wisconsin law. Although Merritt owned the car, Burks was driving it because Merritt did not have a driver's license. Both Merritt and Burks appeared nervous, and neither would tell the police officers who owned the car. The officers then asked both men to step out of the car. When Merritt got out of the car, the officers noticed a magazine of.380 caliber handgun ammunition that he had been concealing with his leg. The officers then searched the car and found a .380 caliber handgun and a small amount of marijuana.
 
 
 3
 Merritt was subsequently indicted for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). A jury found Merritt guilty, and he was sentenced to 58 months' imprisonment, to be followed by three years of supervised release. This court appointed new counsel to represent Merritt on appeal, and Merritt's appellate counsel has now moved for permission to withdraw on the ground that there is no non-frivolous issue for appeal. See Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551(7th Cir.1996). Pursuant to Circuit Rule 51(a), Merritt was given notice of his attorney's motion, but he has not responded. Because Merritt's attorney's brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief Wagner, 103 F.3d at 553.[1]
 
 
 4
 Counsel first points out the futility of arguing that the police officers' decision to stop Merritt's car based upon the lack of a front license plate was merely a pretext. Counsel correctly observes that Whren v. United States, 116 5. Ct. 1769, 1774 (1996), forecloses this argument. Counsel likewise points to the utility of arguing that the police violated Merritt's Fourth Amendment rights by ordering him to step out of the car. This argument is foreclosed by Maryland v. Wilson, 117 5. Ct. 882, 884 (1997).
 
 
 5
 During Merritt's trial, an ATF agent testified that the handgun and marijuana found in Merritt's possession, along with a beeper and cellular telephone he was carrying, are typical instrumentalities of the drug trade. Merritt's trial counsel objected on the ground that the agent's testimony was irrelevant, but the court overruled the objection and allowed the agent to testify. Merritt's appellate counsel now correctly submits that it would be frivolous to argue on appeal that the district court improperly admitted the agent's testimony. In United States v. Murray, 89 F.3d 459, 462-63 (7th Cir.1996), we considered and rejected this argument in a nearly identical case. We held that a district court does not abuse its discretion by admitting evidence which "complete[s] the story of the crime on trial" or "explains the circumstances surrounding, or tends to prove any element of the charged crime." Id. at 463 (internal citation and quotation marks omitted). In this case, the district court acted within its discretion when it admitted the agent's testimony to explain why Merritt was carrying the handgun.
 
 
 6
 Next, Merritt's appellate counsel correctly recognizes that it would be pointless to argue that the felon in possession statute, § 922(g)( 1), exceeds Congress's power under the Commerce Clause. See United States v. Bell, 70 F.3d 495, 498 (7th Cir.1995). Merritt stipulated that the handgun found in his possession was manufactured outside of Wisconsin, and this fact established a sufficient interstate nexus to find him liable under § 922(g)(1). See United States v. Lewis, 100 F.3d 49, 53 (7th Cir.1996).
 
 
 7
 Finally, Merritt's appellate counsel submits that Merritt's trial counsel provided constitutionally adequate assistance, at least insofar as counsel moved to suppress Merritt's gun on the grounds that the officers' stop of Merritt's car was pretextual and that the officers violated Merritt's Fourth Amendment rights by ordering him to step out of the car. While we will not scour the record to determine whether trial counsel provided constitutionally effective assistance with respect to every argument he might have raised but did not, we agree that he provided effective assistance with regard to the motion to suppress. Trial counsel raised the Whren and Wilson arguments and preserved them for appellate review, only to have the Supreme Court subsequently decide these arguments adversely to Merritt. Thus, Merritt's appellate counsel is correct that it would be pointless to raise a claim of ineffective assistance of trial counsel with regard to the motion to suppress.
 
 
 8
 Accordingly, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 We note that counsel cited an unpublished order in his brief. We remind counsel that pursuant to Circuit Rule 53(b)(2)(iv), unpublished orders may not be cited except to support a claim of res judicata, collateral estoppel or law of the case