129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark L. NEFF, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3584.
 United States Court of Appeals, Seventh Circuit.
 Oct. 14, 1997.*
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 19, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, Nos. 96-1213 and 91-30043; Michael M. Mihn, Judge.
 Before CUMMINGS, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Mark L. Neff was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) to 252 months' imprisonment. Neff directly appealed his conviction, and we affirmed.[1] He then filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, which the district court denied.[2] We affirm.
 
 
 2
 Neff has been in trouble with the law for nearly half of his thirty years. In the spring of 1984, he pleaded guilty to two counts of residential burglary in Greene County, Illinois and was sentenced to a five-year prison term. Eschewing the opportunity to reform himself, Neff managed to get arrested and convicted once again in 1987, this time in Erie County, New York, on three counts of attempted burglary. Showing a continued lack of judgment, Neff escaped from his New York state prison in 1991, stole a car in Pennsylvania, and drove to his brother Terry's house in White Hall, Illinois. Shortly after arriving at his brother's home, Neff abandoned the stolen car. The police quickly discovered the vehicle, suspected Neff to be the culprit, tracked him down, and arrested him. A valid search of the room Neff was staying in revealed a stereo that had been ripped out of the stolen car, and a gun. It is this gun that served as the basis for Neff's conviction under § 922(g)(1) and § 924(e).[3]
 
 
 3
 Neff, seeking to avoid to a mandatory fifteen-year sentence under the Armed Career Criminal Act, first argues that the district court erred in construing his two Illinois burglaries as separate events for purposes of sentence enhancement under § 924(e). Neff contends that because the two burglaries were committed as part of a single "crime spree," they should be treated as a single offense.
 
 
 4
 This court follows the "separate and distinct criminal episode" test when determining whether a defendant is subject to sentence enhancement under § 924(e). United States v. Schieman, 894 F.2d 909, 913 (7th Cir.1990); see also United States v. Hudspeth, 42 F.3d 1015, 1019 (7th Cir.1994) (joining nine other circuits "in holding that a defendant is subject to the sentence enhancement if each of the prior convictions arose out of a 'separate and distinct criminal episole' ") (citations omitted). Crimes against separate victims in separate places at temporally distinct times indicate different criminal episodes. The fact that the crimes occurred close in time does not alter this conclusion. Id. at 1020; see also United States v. Williams, 68 F.3d 168, 170 (7th Cir.1995), cert. denied, 116 S.Ct. 971 (1996) (noting that inquiry "is not whether one crime overlaps another but whether the crimes reflect distinct aggressions"). In this case, Neff burglarized two separate Illinois homes. The first occurred at the Derricks residence in Roodhouse, Greene County, Illinois. The second, committed the same night, occurred at the Mast residence in White Hall, Greene County, Illinois. The burglaries occurred at different times (as it is impossible to burglarize two different homes simultaneously), in separate locations, against the property of two different victims. As such, the burglaries are distinct offenses that should be counted separately for purposes of penalty enhancement. We therefore reject Neff's contention that the district court erred in construing his Illinois burglaries as separate events.
 
 
 5
 Neff also argues that we should reconsider Schieman on grounds that the "separate and distinct criminal episode" test leads to incorrect results. We decline this invitation. In Schieman, we considered at length the appropriate standard by which to determine whether a defendant has had three prior convictions for purposes of § 924(e), and we decided to join the majority of other circuits in applying the "separate and distinct criminal episode" test. We continue to believe that this test properly calculates the number of prior convictions, and we can see no reason to reject its application today.
 
 
 6
 Next, Neff contends that the district court erred in construing his three New York attempted burglaries as "violent felonies" and in counting them as predicates for § 924(e) sentence enhancement.[4] Neff asserts that these burglaries were "simply" non-violent attempted burglaries that may not be used to enhance his sentence.[5] In the alternative, Neff argues that the burglaries, even if violent, constituted only one offense.
 
 
 7
 Under the "otherwise" clause of § 924(e), an offense is properly considered a "violent felony" if it "presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Under New York law, attempted burglary is defined as a crime involving conduct that inherently presents a serious threat of physical injury to others. As explained by the Second Circuit in United States v. Andrello, 9 F.3d 247, 249-50 (2nd Cir.1993):
 
 
 8
 since burglary itself is a crime that inherently involves a risk of personal injury, the crime of attempted burglary under New York law, which requires proof of conduct that would present a serious potential risk of attainment, must be considered a crime that "involves conduct that presents a serious potential risk of physical injury to another." The fact that the underlying substantive offense may not be accomplished is not pertinent.
 
 
 9
 The district court therefore properly construed Neff's three attempted burglary convictions as "violent felonies" for purposes of the Armed Career Criminal Act. Moreover, applying the standard enumerated above in Schieman, Hudspeth and Williams, the three convictions counted as three separate offenses: one for each home Neff attempted to burglarize.
 
 
 10
 Neff's constitutional challenge to the viability of 18 U.S.C. § 922(g)(1) in light of United States v. Lopez, 514 U.S. 549 (1995), also must fail. This court has addressed numerous times the argument Neff now makes--whether Congress exceeded its authority under the Commerce Clause when it enacted § 922(g)(1)--and this court has stated each time that Lopez's invalidation of the Gun-Free School Zones Act, 18 U.S.C. § 922(q), has no effect on the constitutionality of § 922(g)(1). See United States v, Bradford, 78 F.3d 1216, 1222 (7th Cir.1996); United States v. Lee, 72 F.3d 55, 58 (7th Cir.1995), cert. denied, 116 S.Ct. 1581 (1996); United States v. Bell, 70 F.3d 495, 498 (7th Cir.1995). As we noted in each of these cases, § 922(q) failed because it did not contain a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Bell, 70 F.3d at 498 (citing Lopez, 514 U.S. at 561). Section § 922(g)(1), by contrast, survives because it does contain "an explicit requirement that a nexus to interstate commerce be established." Id. Neff admitted that he possessed a weapon that had traveled in interstate commerce. This admission establishes the requisite nexus to interstate commerce to support a conviction under § 922(g)(1).
 
 
 11
 Finally, Neff raises an ineffective assistance of counsel argument under Strickland v. Washington, 466 U.S. 668 (1984). Neff charges his attorney with two errors: failure to inquire on direct appeal whether the New York convictions qualified as "violent felonies," and failure to file a motion to dismiss immediately after the Supreme Court granted certiorari in Lopez.
 
 
 12
 To succeed on this claim, Neff must demonstrate (1) that his counsel's representation was deficient; and (2) that the deficient performance prejudiced his defense. Id. at 687. Neff fails to convince us, however, that the outcome of the proceedings against him would have been different had his lawyer raised any other arguments in his appellate brief and motion to dismiss. Indeed, our discussion above regarding the violent nature of Neff's attempted burglary convictions and the constitutionality of § 922(g) leads us to conclude that counsel's allegedly deficient performance in no way prejudiced Neff's defense. And having found no evidence of prejudice, we need not even address the question of whether Neff's counsel's performance was deficient. Melvin v. United States, 78 F.3d 327, 329 (7th Cir.), cert. denied, 117 S.Ct. 384 (1996).
 
 
 13
 For the foregoing reasons, the ruling of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 United States v. Neff, 61 F.3d 906 (7th Cir.1995) (unpublished)
 
 
 [2]
 Although the district court granted Neff a certificate of appealability as to only one of his three main issues, Neff did not need a certificate to appeal because he filed his § 2255 motion on April 22, 1996--two days before the effective date of the federal law requiring all habeas petitioners to first obtain such a certificate. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 214 (April 24, 1996) ("AEDPA")
 
 
 [3]
 Federal law prohibits anyone who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), a defendant who has three such convictions and is found in possession of a firearm faces a mandatory fifteen-year sentence
 
 
 [4]
 18 U.S.C. § 924(e)(2)(B) defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:
 (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 [5]
 In support of this argument, Neff claims that his New York plea agreement reflects the understanding that his attempted burglary convictions were not to be considered "violent felonies." Neff admits that he cannot support this allegation with documentation, however, and nothing in the record reflects that such an agreement was reached. We will not consider on appeal arguments unsupported by facts in the record. United States v. Blythe, 944 F.2d 356, 362 (7th Cir.1991)