151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Truvoy SAMPSON, Defendant-Appellant.
 No. 97-4050.
 United States Court of Appeals, Seventh Circuit.
 Argued June 9, 1998.
Decided June 25, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97-CR-81 C.N. Clevert, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. RICHARD D. CUDAHY, Hon. JESSE E. ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Truvoy Sampson was a passenger in a car that was pulled over by Officer Bodo Gajevic of the Milwaukee Police Department. According to Gajevic and his partner, Sampson made gestures indicating that he was attempting to hide something as the officers approached the car. Concerned, Officer Gajevic ordered Sampson to raise his arms while he was still in the car, at which time six bullets fell on the front seat of the car. The officers asked Sampson to get out of the car and they found a .38 caliber handgun underneath the front passenger seat. Sampson was charged with one count of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1). The driver of the car, Dana Jett, testified at Sampson's trial that the gun was not his. Sampson was convicted and was sentenced to 49 months' imprisonment followed by a term of three years' supervised release. Sampson appeals his conviction asserting that trial counsel was ineffective for failing to challenge the constitutionality of his conviction under 18 U.S.C. § 922(g)(1) because the government did not establish the interstate commerce element as required by U .S. v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).
 
 
 2
 Generally, challenges to the effective assistance of counsel are not appropriate on direct appeal because they require a review of evidence outside the trial record. See United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997). However, when trial and appellate counsel are different and the claim may be resolved on the current record, this court will consider ineffective assistance of counsel claims. See United States v. Barnes, 83 F.3d 934, 939 (7th Cir.), cert. denied 117 S.Ct. 156 (1996); United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992). Because this claim may be resolved on the current record, the claim is ready for review.
 
 
 3
 In Lopez, the Supreme Court held that 18 U.S.C. § 922(q), the Gun Free School Zones Act, exceeded Congress' Commerce Clause authority because the statute did not contain a jurisdictional element. The Lopez decision has spawned similar challenges to a variety of federal statutes. See United States v. Bell, 70 F.3d 495, 497 (7th Cir.1995) (citing cases). Sampson asserts that counsel was ineffective for failing to bring a pre-trial motion arguing that his conviction was unconstitutional because § 922(g)(1) did not meet the interstate commerce standard articulated in Lopez. Sampson also asserts that counsel should have challenged the government's alleged failure to demonstrate that the gun found in the car had traveled in interstate commerce. In order to demonstrate that he received ineffective assistance of counsel, Sampson must establish that his counsel's performance was deficient and that this deficient performance rendered his trial fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).
 
 
 4
 As stated by the government, this court rejected the Lopez-based challenge to § 922(g)(1) in Bell, 70 F.3d at 497, two years before Sampson's trial. See also United States v. Williams, 128 F.3d 1128, 1133 (7th Cir.1997). In Bell, this court stated that § 922(g) did not suffer from the same problem as § 922(q) did because § 922(g) contained the jurisdictional element which was found missing in § 922(q). See Bell, 70 F.3d at 498. With respect to the specific facts of this case, the government presented evidence that the gun had traveled in interstate commerce. Special Agent David Darin examined the gun and testified that it had a Smith & Wesson trademark; according to Darin, all Smith & Wesson weapons are manufactured in Springfield, Massachusetts. Sampson in fact concedes as much in his opening brief when he states that the gun entered the domestic market in Massachusetts. Because Sampson was arrested with the gun in Wisconsin, the interstate commerce element was established. See United States v. Lewis, 100 F.3d 49, 53 (7th Cir.1996) (evidence that the gun had, at some previous time, moved in interstate commerce, was sufficient to demonstrate the nexus to interstate commerce); United States v. Bradford, 78 F.3d 1216, 1222 (7th Cir.), cert. denied, 517 U.S. 1174, 116 S.Ct. 1581, 134 L.Ed.2d 678 (1996). Thus, any challenge based on Lopez would have been fruitless.
 
 
 5
 AFFIRMED.