**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward T. KING, Defendant–Appellant.**

No. 00–2874.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 2001.

Decided May 18, 2001.

Before WOOD, JR., KANNE, ROVNER, Circuit Judges.

ORDER

There is only one issue raised by defendant-appellant Edward T. King, but we have answered it before.

King, charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), entered into a plea agreement and was sentenced to a term of 120 months to be served consecutively to a state sentence. King has two prior felony convictions for "reckless injury while drunk" and "possession with intent to deliver a controlled substance."

In the present case a Milwaukee police officer saw an auto being driven in a reckless manner and stopped it. King jumped out of the passenger side and fled with the officer in pursuit. King threw his .40 caliber Smith & Wesson semi-automatic up against a building before he was apprehended. Near the pistol the police also found the magazine of the handgun loaded with .40 caliber ammunition, and a tennis shoe which was the mate to the one King was wearing when arrested.

A Milwaukee detective and an agent from the Bureau of Alcohol, Tobacco and Firearms verified that King's pistol was manufactured in Springfield, Massachusetts, and thus had traveled in interstate commerce. A little over a year previously the pistol had been reported stolen from a Milwaukee residence.

The one issue King raises is his claim that § 922(g)(1) is unconstitutional under *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658

(2000), because there was no evidence implicating interstate commerce. Since King failed to raise that issue in district court, the standard of review is plain error. *United States v. McKenzie,* 99 F.3d 813, 817 (7th Cir.1996).

The issue raised by King is answered in *United States v. Wesela,* 223 F.3d 656 (7th Cir.2000). In *Wesela,* we held that long-established precedent in this circuit rejects the argument that § 922(g)(1) is unconstitutional under *Lopez* and, more recently, *Morrison, id.* at 659–60. Like King, Wesela was convicted as a felon in possession of a firearm, and he, too, challenged the constitutionality of the statute under the Commerce Clause. *Id.* at 659. In *Wesela,* this similar situation was succinctly examined:

> Wesela first argues that one of the statutes under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional because it exceeds Congress's powers under the Commerce Clause. We have already rejected this with respect to § 922(g). See *United States v. Williams,* 128 F.3d 1128 (7th Cir.1997). Williams distinguished § 922(g) from the statute the Supreme Court considered in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), on the ground that Section 922(g), unlike the *Lopez* statute (18 U.S.C. § 922(q)), specifically requires that the possession must be "in or affecting interstate commerce." 128 F.3d at 1133–34. Nothing in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), or in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), causes us to think that a different result is now required for § 922(g). In *Morrison,* the Court struck down the Violence Against Women Act, 42 U.S.C. § 13981, on the ground that it exceeded Congress's power under the Commerce Clause, but the Court was careful to note that the Act

> did not contain a jurisdictional element. *Morrison,* 529 U.S. at 612, 120 S.Ct. at 1751. In *Jones,* the Court held that the arson statute, 18 U.S.C. § 844(i), covered only arson of property that itself was currently used in interstate commerce or in an activity affecting commerce. Nothing in either case casts doubt on the validity of § 922(g), which is a law that specifically requires a link to interstate commerce.

*Wesela,* 223 F.3d at 660.

King is mistaken in arguing that it is necessary for the government to charge or prove that he traveled across state lines with the pistol, acquired it from someone engaged in commerce, or used the pistol to rob or threaten a person engaged in commerce. There need only be a showing of a "minimal nexus" between the firearm and interstate commerce; "the mere movement of a weapon, at some time, across state lines" satisfies the commerce element of § 922(g)(1). *United States v. Bell,* 70 F.3d 495, 498 (7th Cir.1995).

We will invalidate a congressional enactment "only upon a plain showing that Congress has exceeded its constitutional bounds," which we will not presume to be the case here. *Morrison,* 529 U.S. at 606.

As previously noted, King did not raise this issue in the district court. The government argues it was therefore waived and thus the factual basis for the plea which was accepted by King when he pled was sufficient to satisfy the interstate commerce nexus. However, we prefer to rest this decision on its merits to make it clear what the position of this court is as to the constitutionality of 18 U.S.C. § 922(g)(1).

AFFIRMED.