**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael SHIRLEY, Defendant–**
**Appellant.**

No. 04–2620.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 10, 2004.

Decided Dec. 16, 2004.

Rehearing En Banc Denied Jan. 25, 2005.

Timothy M. Morrison, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

James C. McKinley, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before POSNER, KANNE, and SYKES, Circuit Judges.

**ORDER**

In June 2004 Michael Shirley pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g), and was sentenced to 91 months of imprisonment and three years of supervised release. Shirley filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Shirley was invited to respond to his counsel's motion to withdraw, but he declined. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and

therefore grant the motion to withdraw and dismiss the appeal.

In July 2003 police spotted Shirley and another man walking though a parking lot carrying open bottles of alcohol. One of the officers saw Shirley take a drink from his bottle, and both officers saw Shirley stumble. The officers approached the men and directed them to stop, but the men continued walking away from the officers. The officers ultimately blocked the men's path with a squad car. Both men were ordered to put their bottles down and place their hands on the squad car. One of the officers saw the handle of a firearm protruding from a hole in Shirley's pants, and the weapon turned out to be a 9mm semi-automatic handgun. The officer also learned that Shirley was a convicted felon.

Shirley was charged under § 922(g)(1) with possession of a firearm by a felon. He moved to suppress the weapon, arguing that the officers did not have reasonable suspicion to stop him. The district court denied Shirley's motion, concluding that the officers had reasonable suspicion to believe that Shirley was committing the offense of public intoxication. The court credited the officers' testimony that they saw Shirley stumbling and carrying an open bottle of liquor. Shirley ultimately pleaded guilty and waived his right to appeal "on any ground" except the ruling on the motion to suppress.

■ In his brief supporting his motion to withdraw, counsel first considers arguing that Shirley's conviction under § 922(g) was unconstitutional because the only evidence that Shirley's conduct affected interstate commerce was that his gun was manufactured outside of Indiana and Shirley possessed it in Indiana. Counsel contends that Shirley did not waive this potential issue because "jurisdictional" arguments cannot be waived, *see United States v. Bell,* 70 F.3d 495, 496–96 (7th Cir.1995), but ultimately concludes that the argument would be frivolous given this circuit's precedent, *see, e.g., United States v. Thompson,* 359 F.3d 470, 480 n. 17 (7th Cir.2004) (holding that proof of manufacture outside state where defendant possessed gun satisfies interstate nexus element of § 922(g)). An argument that the interstate commerce nexus is not satisfied in a particular case, however, is not a jurisdictional challenge. *See United States v. Martin,* 147 F.3d 529, 531–32 (7th Cir. 1998); *see also United States v. Cotton,* 535 U.S. 625, 629–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (explaining that only a limited class of challenges are truly jurisdictional challenges). It would thus be frivolous for Shirley to raise this argument because he waived it both by pleading guilty and by agreeing to an appeal waiver as part of his plea agreement.

■ Counsel next considers whether Shirley may challenge his sentence in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (No. 04–104). Counsel asserts, however, that any such argument would be frivolous because with the exception of his criminal history points Shirley's sentence was based entirely on facts that he admitted in his plea agreement. And in *Blakely* the Court did not purport to overrule its precedent saying that district judges have the authority to assess criminal history without involving a jury. *See Blakely,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403; *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Moreover, presumably Shirley waived any such challenge with the broad waiver included in his plea agreement. *See United States v. Roth,* 860 F.2d 1382, 1387 (7th Cir.1988) (discussing degree of knowledge

required for valid waivers). We agree with counsel that a challenge based on *Blakely* would be frivolous.

■ Counsel finally considers a challenge to the district court's denial of Shirley's motion to suppress. In determining that the officers had reasonable suspicion to believe that Shirley was publicly intoxicated, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the district court credited the officers' testimony that they observed Shirley with open liquor and saw him stumbling. Counsel correctly notes that we would upset the court's factual findings only if the court credited testimony that was "impossible under the laws of nature," *United States v. Hunter*, 145 F.3d 946, 949–50 (7th Cir. 1998), and there is no such suggestion in this case. Public intoxication is an offense in Indiana, *see* Ind.Code 7.1–5–1–3, and we would look at the totality of the circumstances to assess whether the officers had reasonable suspicion to believe that Shirley was publicly intoxicated, *see United States v. Sokolow*, 490 U.S. 1, 6–8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). We agree with counsel that it would be frivolous to argue that the officers lacked reasonable suspicion to stop Shirley when they saw him stumbling and carrying an open bottle.

Accordingly, we grant counsel's motion to withdraw and DISMISS the appeal.