**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided February 16, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2346

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>RUSSELL N. DONOVAN III,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 08-CR-172-C-01<br><br>Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

Russell Donovan appeals his conviction for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, *see* 18 U.S.C. § 922(g)(9). He challenges the constitutionality of § 922(g)(9), contending that it unduly infringes on his Second Amendment right to use firearms for hunting and sporting purposes. We affirm.

Officers of the Madison Police Department were dispatched to the residence that Donovan shared with his girlfriend, Nicole Samplaski, after she made a 911 call relaying that they were in a domestic altercation and that he had an AK-47 rifle under their bed. Samplaski recounted to officers

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

that Donovan arrived home drunk and aggressive, that she called 911, and that he tried the break the phone apart. Officers recovered the AK-47. At the time, Donovan was on probation for another episode of domestic violence against Samplaski.

Donovan was charged in a one-count indictment with violating § 922(g)(9) and pleaded guilty. Later, in a memorandum he filed at sentencing, Donovan objected to the indictment on grounds that § 922(g)(9) violated the Second Amendment. He cited *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second Amendment preserves an individual's right to keep arms for lawful purposes. Neither Donovan nor the district court discussed this objection at the sentencing hearing. He was sentenced to 46 months' imprisonment and a 3-year term of supervised release.

Donovan appealed, premising his challenge on *United States v. Skoien*, 587 F.3d 803 (7th Cir. 2009) (*Skoien I*), *vacated*, 614 F.3d 638 (7th Cir. 2010) (en banc). In *Skoien I*, the defendant was convicted under § 922(g)(9) for possessing a firearm after having been convicted of misdemeanor crimes of domestic violence. The panel determined that intermediate scrutiny was the appropriate standard to apply to the defendant's Second Amendment challenge to § 922(g)(9). *Id.* at 812. In concluding that intermediate scrutiny applied, the panel remanded so that the government could satisfy its burden of establishing a reasonable fit between its interest in reducing gun violence and the categorical disarmament of domestic-violence misdemeanants. *Id.* at 816. Here Donovan argues that § 922(g)(9) is unconstitutional because the government has not shown a reasonable fit between his perpetual disarmament and the goal of preventing gun violence against domestic intimates.

While Donovan's appeal was pending, we reheard *Skoien I* en banc. *See United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010) (*Skoien II*) (en banc), *petition for cert. filed* (U.S. Oct. 12, 2010) (No. 10-7005) and determined that the categorical disarmament of domestic abusers under § 922 (g)(9) was allowed, so long as justified by "some form of strong showing." *Id.* at 641. Section 922(g)(9) satisfied the requisite strong showing, we determined, because both logic and data established a substantial relation between the statute and the objective of preventing armed domestic violence. *See id.*

In a statement of position we solicited after our en banc decision, Donovan concedes that *Skoien II* dooms his appeal but states that he is raising the constitutional challenge to preserve it for a petition for certiorari. For its part, the government argues that the appeal should be dismissed for lack of jurisdiction on grounds that Donovan waived any challenge to the indictment by knowingly and voluntarily pleading guilty. *See Brady v. United States*, 397 U.S. 742 (1970); *United States v. Harvey*, 484 F.3d 453, 455 (7th Cir. 2007).

Although a guilty plea ordinarily waives constitutional challenges, the Supreme Court has recognized a narrow exception when a defendant claims "the right not to be haled into court at all upon the felony charges"–the so-called *Blackledge-Menna* exception. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975); *Blackledge v. Perry*, 417 U.S. 21 (1974). We applied the narrow exception in *United States v. Bell*, 70 F.3d 495, 497 (7th Cir. 1995), where we allowed a defendant who pleaded guilty to challenge the constitutionality of § 922(g)(1). In *Bell* we characterized a facial attack on a statute's constitutionality as jurisdictional in nature. *Id.* As in *Bell*, we will consider Donovan's

facial challenge to § 922(g)(9) on grounds that the government may not hale him into court on an unconstitutional felony charge. *See id; United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010).

Having determined that Donovan's challenge survives his guilty plea, we turn briefly to the merits. And as Donovan concedes, *Skoien II* forecloses his challenge. In *Skoien II*, we upheld the categorical disarmament of domestic-violence misdemeanants such as Donovan. *See Skoien II*, 614 F.3d at 641; *see also United States v. Marzzarella*, 614 F.3d 85, 98-99 (3d Cir. 2010) (interpreting § 922(k))*; Seay*, 620 F.3d at 925 (interpreting § 922(g)(3)); *United States v. Reese*, 627 F.3d 792, 803 (10th Cir. 2010) (interpreting § 922(g)(8)); *United States v. White*, 593 F.3d 1199, 1205-6 (11th Cir. 2010) (interpreting § 922(g)(9)). *But see United States v. Chester*, — F.3d —, 2010 WL 5396069 (4th Cir. Dec. 30, 2010) (interpreting § 922(g)(9), remanding for the government to satisfy its burden).

AFFIRMED.